John K. MAHON, M.D.

v.

CITY OF BETHLEHEM, Officer Joseph G. Gross, Officer Crenko, Officer Ladics, Sergeant Frances Donchez, Sergeant John Doe, and Bethlehem Musikfest Association, a/k/a Musikfest.

Civ. A. No. 94–5078.

United States District Court, E.D. Pennsylvania.

March 29, 1995.

Dora Rose, David L. Lockard, David Lockard and Associates, P.C., Daniel G. Leeds, Law Offices of Harris & Silverman, Philadelphia, PA, for plaintiff.

Michael C. Nugent, Jay E. Mintzer, Edelstein, Mintzer & Sarowitz, Philadelphia, PA, for defendants.

## MEMORANDUM

JOYNER, District Judge.

Plaintiff John K. Mahon has moved this Court for sanctions against Defendants, City of Bethlehem (the City), and Officer John G. Gross, Officer Crenko, Officer Ladics and Sergeant Frances Donchez (the Police Officers), for failure to comply with this Court's February 1, 1995 Order compelling discovery. Defendants' response to this Motion was due by March 10, 1995, however, no response was received by this Court until March 21, 1995. On March 21, 1995, a document captioned "Defendants, Officers Frances Donchez, Matthew Crenko, Joseph Gross, John Ladics and Bernie Benko's Response to to [sic] Plaintiff's Motion for Sanctions," was filed. It is evident, therefore, that the City has still not responded to Mahon's Motion. Both the City and the Police Officers are represented by the same counsel. We could treat Mahon's Motion as uncontested by both sets of Defendants pursuant to Local Rule 20(c) because of the late and missing responses. We will not, but we warn Defendants' counsel that this Court will not make further allowances for their pattern of disregard for court-imposed deadlines.[1]

Mahon asserts that he filed Requests for Production of Documents on the Police Officers on October 19, 1994, and on the City on November 15, 1994. He asserts that he tried many times to get responses to that discovery, but that Defendants never responded to his letters or phone calls, nor complied with the requests. Mahon accordingly filed the Motion to Compel, which was granted.

Mahon asserts that while the Motion to Compel was pending, the Police Officers responded to his discovery requests but that their responses were inadequate because of the number and nature of objections. Mahon further asserts that the City has never responded to his discovery requests, even after this Court ordered it to do so. Since this Court's Order compelling discovery, Mahon asserts, he has again repeatedly tried to get the ordered discovery, but again, Defendants have refused to respond to his letters or phone calls, nor produced the requested discovery. We will examine Mahon's Motion first against the City and then against the Police Officers.

For the purposes of this Motion, we will presume that the Police Officers speak for the City as well as themselves in their Answer to Mahon's motion. Accordingly, the City asserts that "the full and complete production of documents by the defendants encompassed the responses of the individual police officers and the City of Bethlehem." Answer at ¶ 4. The City acknowledges that some requested materials have still not been produced, but promises that they will be by the date of this Memorandum's writing. Moreover, it repeatedly asserts that Mahon has received all the discovery he is entitled to. Accordingly, it argues, it is not in contempt of this Court's order compelling discovery, and therefore, sanctions are not warranted.

Mahon argues that the Police Officers' responses did not include the City's responses. He argues that the two discovery requests were served a month apart, were sent to different parties, and made different requests. For example, the City was asked to produce 26 categories of documents, while the Police Officers were only asked to pro-

---

1. Defendants never responded to the original Motion to Compel, which was granted as uncontested. Along with the eleven-day late courtesy copy of the Police Officers' response to the present Motion, Defendants' counsel sent a letter to this Court with two pages of additional argument on their behalf. Mahon's counsel then sent a letter to respond to the allegations made in Defendants' counsel's letter. We have since received a second letter on Defendants' behalf.

We have considered all letters in addition to the filed Memoranda in resolving this dispute. However, as Mahon's counsel recognized, our Scheduling Order expressly informed counsel that letters to this Court are discouraged. We repeat that admonition now.

duce 17 categories. More importantly, Mahon argues that the discovery response he received was captioned "Defendants, Officers Frances Donchez, Matthew Crenko, Joseph Gross, John Ladics and Bernie Benko's Response to Plaintiff's Request for Production of Documents."

We find that the City has not responded to Mahon's discovery for the following reasons. First, there is simply no document that appears to be the City's response to document requests. Although the City argues that both sets of document requests were answered in one response, the actual response clearly indicates that it is the production of only the Police Officers, and, in fact, the document only responds to the document requests served on the Police Officers. It is evident, therefore, that the City has not responded to Mahon's discovery requests, and its argument in the Answer that somehow the Police Officers' response counts for both sets of defendants is specious. The City's representation that Mahon has all the discovery he is entitled to is not sufficient to obviate the need to actually respond to Mahon's discovery requests. Fed.R.Civ.P. 26(b)(5).

Accordingly, we partially GRANT Mahon's request for sanctions against the City. The City will be ordered to pay Mahon's attorney's fees and costs incurred in making the Motion to Compel and this Motion for Sanctions. The City is hereby reminded of its continuing obligation under our earlier Order to respond to Plaintiff's discovery requests. If the City fails to comply with either this Memorandum or this Court's Orders, this Court will consider additional sanctions against the City, including those itemized in Fed.R.Civ.P. 37.

■ Next, Mahon moves for sanctions against the Police Officers for failing to fully respond to Mahon's discovery requests. The Police Officers' responses, according to Mahon, are inadequate due to the number of improper objections. After receiving the Police Officer's responses and objections, Mahon's counsel sent a letter to the Police Officers explaining the relevance of the requests and refining the requests that were allegedly unclear or overbroad. According to Mahon, the Police Officers never responded to his letter.

Neither party has argued the merits of the Police Officers' objections, some of which are based on privilege. We are unwilling, therefore, to compel more complete answers at this time. We are able to state, however, that from Mahon's letter to the Police Officers, it appears that several of the Police Officers' objections to the requests may be inappropriate; for example, because the requests are not fairly construed as unduly burdensome (number 4), not fairly construed as ambiguous (number 5), did not properly assert a privilege under Fed.R.Civ.P. 26(b)(5) (numbers 6–7), or are not fairly construed as irrelevant (number 13).

We will not grant sanctions against the Police Officers at this time. We note with extreme disapproval, however, that according to Mahon and not denied by Defendants' counsel, Defendants' counsel has refused to communicate with Mahon's counsel in any way; by responding to phone calls, letters, or even Motions. We disapprove of this behavior not only because it is unsuitable behavior for a member of this Court's Bar, but in addition, serves only to multiply the process by leaving opposing counsel with no resort other than the Court. *See* Pa.Rule of Professional Conduct 3.2 (expediting litigation). If the Police Officers fail to either appropriately supplement their responses to Mahon's discovery requests or respond to Mahon's answers to their objections, this Court will entertain motions for further sanctions.[2]

We are aware that our Scheduling Order sets April 10, 1995 as the deadline for discovery. We hereby EXTEND the Scheduling Order by 15 days. This should give the

---

2. We now clarify an apparent misconception of Mahon. He repeatedly asserts that this Court's February 1, 1995 Order ordered responses to his discovery *without objections*. This is not so. If any party has a good faith objection to a discovery request, on the ground of privilege, for example, they have an ethical obligation to assert that objection. Rule of Professional Conduct 1.1. However, any objections must be made in good faith, and comply with the applicable discovery rules. *E.g.,* Fed.R.Civ.P. 26(b)(5), (c).

parties time to take the necessary depositions after receiving full responses to written discovery.

An appropriate Order follows.

## ORDER

AND NOW, this     day of March, 1995, upon consideration of Plaintiff's Motion for Sanctions for Failure to Comply with the Court's Order Compelling Discovery, and responses thereto, the Motion is hereby GRANTED in PART and DENIED in PART.

It is hereby ORDERED that Defendant City of Bethlehem shall pay to Plaintiff reasonable expenses and attorney's fees incurred in making the Motion to Compel and Motion for Sanctions. Plaintiff is hereby ORDERED to serve Defendant City with a bill of those expenses and fees within ten days of this Order's entry. Defendant City is hereby ORDERED to, within ten days of receipt, pay Plaintiff the amount indicated in the bill of expenses and fees or serve good faith objections to the bill.

It is hereby FURTHER ORDERED that Defendants City of Bethlehem, Officer John G. Gross, Officer Crenko, Officer Ladics and Sergeant Frances Donchez, shall respond as indicated in the attached Memorandum to Plaintiff's discovery by April 5, 1995.

The request for a conference is hereby DENIED.

The Scheduling Order in this case is hereby EXTENDED by fifteen days.